Gary W. JENSE, Plaintiff and Respondent,

v.

Sara A. JENSE, Defendant and Appellant.

No. 880016–CA.

Court of Appeals of Utah.

Dec. 21, 1989.

Craig M. Peterson and E. Paul Wood, Salt Lake City, for defendant and appellant.

David S. Dolowitz and Leslie Van Frank, Salt Lake City, for plaintiff and respondent.

Before DAVIDSON, GARFF and GREENWOOD, JJ.

## OPINION

GARFF, Judge:

Defendant appeals the trial court's order modifying the parties' decree of divorce and vacating a money judgment for amounts awarded in the decree. We reverse.

Defendant was granted a decree of divorce on July 9, 1986. This decree awarded defendant, in relevant part: (1) $27,750, with twelve percent interest, to "equalize the marital estate"; (2) temporary alimony of $500 per month for one year; and (3) attorney fees of $5,000 and appraisal costs of $670. However, defendant was ordered not to reduce these awards to a final judgment or to enforce payment until April 1, 1987, in order to allow plaintiff time to receive his bonus for the 1986 income year, which was payable in 1987. In addition to other property, plaintiff was awarded the marital home in Pleasant Grove, and all furnishings and personal property in his possession.

On April 1, 1987, the court reduced to judgment amounts accrued under the decree of divorce for alimony, attorney fees, and the property settlement, with interest, for a total of $43,314.46. On April 14, 1987, the court granted plaintiff's motion to stay execution of the judgment for four months.

On June 24, 1987, plaintiff filed a motion requesting the court to set off $10,000 against defendant's judgment for silverware allegedly awarded to him but taken by defendant from a safety deposit box at Deseret Bank.

On August 3, 1987, plaintiff requested that the court amend the decree of divorce and vacate the judgment against him because of changed circumstances.

On August 24, 1987, the trial court heard plaintiff's motions. Defendant's counsel consented to go forward with the motion for set-off on the basis of proffers of evidence and affidavits, but objected to consideration of the motion to amend the divorce decree without discovery, oral testimony by witnesses, or other standard evidentiary proceedings. Overruling defendant's objections, the trial court proceeded to hear both motions on proffers and affidavits.

The court held that there had been a significant change of circumstances in that: (1) plaintiff failed to receive a bonus in 1987; (2) he lost his job in July 1987; (3) the Pleasant Grove home declined in value; and (4) between the original divorce hear-

ing and the entry of the decree, defendant had removed the silverware from the parties' safety deposit box. The court found that the change in circumstances thwarted its intent to equalize the marital estate in the divorce decree, resulting in defendant being awarded more than half of the estate. This, the court found, required modification of the decree of divorce and the April 1, 1987 judgment. To equalize the estate, the court awarded the silverware and the net proceeds of the sale of the Pleasant Grove home to defendant. The court held that this new award satisfied all prior awards and judgments payable to defendant by plaintiff.

## SILVERWARE

Defendant appeals the trial court's decision to set off $10,000 against her money judgment on the finding that the silverware was awarded to plaintiff in the decree and was taken by defendant from the parties' safety deposit box after the entry of the decree.

Rule 52(a) of the Utah Rules of Civil Procedure provides, in part:

Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.

In *Western Kane County Special Serv. Dist. No. 1 v. Jackson Cattle Co.*, 744 P.2d 1376, 1377 (Utah 1987), the Utah Supreme Court stated that, under this standard, "we do not set aside the trial court's factual findings unless they are against the clear weight of the evidence or we otherwise reach a definite and firm conviction that a mistake has been made." *See also* Utah R.Civ.P. 52(a); *State v. Walker*, 743 P.2d 191, 193 (Utah 1987); *Schmidt v. Downs*, 775 P.2d 427, 429 (Utah Ct.App.1989).

 Here, the clear weight of the evidence is against the findings of the trial court. The property settlement awards plaintiff all items of personal property currently in his possession. The evidence clearly shows that the silverware was not in plaintiff's possession at the time the divorce action was initiated. Plaintiff makes no assertion that the silverware was in the safety deposit box at the time of the divorce decree on July 9, 1986. Defendant, on the other hand, clearly establishes that the silverware was not in the safety deposit box but in her possession at that time, and that she put plaintiff on notice of that fact. In her answer to plaintiff's interrogatory of May 24, 1985, defendant states that there are no items in the safety deposit box, and that plaintiff has the keys. This is confirmed by the unrefuted affidavit of Kay L. Jacobs, president of Deseret Bank, who stated that the last recorded visit to the safety deposit box was on March 22, 1985.

Because the silverware was not in plaintiff's possession at the time of the decree, he is not entitled to it. Therefore, the trial court's finding that defendant wrongly took possession of the silverware after the decree is clearly erroneous, and there is no basis for the $10,000 set-off against defendant's judgment.

## MODIFICATION OF DECREE

Defendant also argues that the trial court abused its discretion or misapplied the law in granting a modification of the decree of divorce and vacating the April 1, 1987 judgment.

The standard of review for this court to overturn a trial court's modification of a decree of divorce is a showing that "the evidence clearly preponderates against the findings or that the trial court has abused its discretion." *Thompson v. Thompson*, 709 P.2d 360, 362 (Utah 1985); *see also Porco v. Porco*, 752 P.2d 365, 367 (Utah Ct.App.1988). In this case, we find both circumstances.

To obtain a modification of a divorce decree, the movant must show a substantial change of circumstances subsequent to the decree, that was not originally contemplated within the decree itself. *Woodward v. Woodward*, 709 P.2d 393, 394 (Utah 1985) (per curiam); *Thompson*, 709 P.2d at 362. In addition, when a substantial change in circumstances is shown, it must

relate to the basis upon which the original award was made by the trial court. *Mineer v. Mineer,* 706 P.2d 1060, 1062 (Utah 1985).

In the August 1987 hearing, the trial court stated that the awards in the original decree of divorce were based upon the presumption that plaintiff was going to receive a big bonus in 1987. Although we give great deference to the trial court's findings and do not overturn them unless clearly erroneous, Utah R.Civ.P. 52(a); *Walker,* 743 P.2d at 193, a close examination of the record reveals that this finding is clearly erroneous.

■ The findings of fact in the decree of divorce show that defendant was awarded $27,750 to equalize the distribution of the marital estate as it existed on the date of the decree. Although there was no stipulated property settlement incorporated into the decree, both parties agreed to the valuation of the Pleasant Grove home at $150,000. The award of temporary alimony was based upon the then-current financial circumstances of the parties. The award of attorney fees was based upon the disparity of the incomes and the financial circumstances of the parties at the time of the decree. The trial court properly based these awards upon valuations and circumstances present at the time the decree was issued, not upon future speculation as to valuation or financial circumstances.

■ When the trial court ordered defendant not to reduce her awards to judgment until April 1, 1987, its purpose was to allow plaintiff time to receive an anticipated bonus so that he could more easily pay this obligation.[1] The failure of plaintiff to receive a bonus in 1987 is not a change of circumstances justifying a modification of the awards made in the decree because it is unrelated to the circumstances upon which the original awards were made by the trial court, and relates only to plaintiff's ability to pay them.

Likewise, plaintiff's loss of his job in July 1987 is not a change in circumstances upon which the original award or the money judgment of April 1, 1987 was based. The loss of employment occurred subsequent to both events. The loss of a job, like the failure to receive a bonus, may go to plaintiff's ability to pay the judgment, but it is not a proper basis upon which to change the amount of the original award.

Finally, plaintiff's argument that the decline in value of the Pleasant Grove home constitutes a change in circumstances upon which to modify the decree of divorce and the subsequent judgment is also without merit. As noted above, the parties agreed on the valuation of the home at the time of the decree. Under Utah law, "[t]he marital estate should be valued as of the time of the divorce decree." *Berger v. Berger,* 713 P.2d 695, 697 (Utah 1985); *see also Fletcher v. Fletcher,* 615 P.2d 1218, 1222–23 (Utah 1980); *Carlton v. Carlton,* 756 P.2d 86, 88–89 (Utah Ct.App.1988). The parties stipulated to a valuation of $150,000 at the time of divorce. At the time of the modification hearings, the value was deemed to be $119,000. The final selling price of $104,000 was partially due to plaintiff's lack of diligence in selling the Pleasant Grove home immediately after the decree. For plaintiff to come back later and ask the court to modify the property settlement on the basis of a decline in value occurring subsequent to the decree is to ask the court to overturn his bad bargain. In *Lea v. Bowers,* 658 P.2d 1213 (Utah 1983), the Utah Supreme Court stated:

> [W]hen a decree is based upon a property settlement agreement, forged by the parties and sanctioned by the court, equity must take such agreement into consideration. Equity is not available to reinstate rights and privileges voluntarily contracted away simply because one has come to regret the bargain made. Accordingly, the law limits the continuing jurisdiction of the court where a property settlement agreement has been incorpo-

---

1. Plaintiff's 1985 bonus, which he received in 1986, was part of the trial court's consideration in determining the awards in the divorce decree. The anticipated bonus for 1986, which would have been paid in 1987, was not part of the court's deliberations in determining distribution of the marital estate.

rated into the decree, and the outright abrogation of the provisions of such an agreement is only to be resorted to with great reluctance and for compelling reasons.

*Id.* at 1215 (quoting *Land v. Land,* 605 P.2d 1248, 1250–51 (Utah 1980)).

 Here, there are no such compelling reasons. Plaintiff received exactly what he bargained for, and the fact that his property declined in value is simply not a change in circumstances upon which the trial court may modify the divorce. For this court to rule otherwise would open a Pandora's box, permitting parties to a divorce to seek subsequent modification of property settlements every time the property they received in the decree changed in value. This we are unwilling to do. The principles of res judicata mandate that, absent compelling reasons, the parties to a property settlement set forth in a decree of divorce be able to rely on the finality of that judgment. We hold that subsequent changes in property value, without additional compelling reasons, do not constitute a substantial change in circumstances upon which the trial court may enter a modification of a decree of divorce. Thus, the order of December 7, 1987 was a clear abuse of discretion and we, accordingly, reverse and reinstate the awards of the original decree.

GREENWOOD and DAVIDSON, JJ., concur.