1999 UT App 219

Joan WILLIAMSON, Plaintiff
and Appellant,

v.

Stuart Kim WILLIAMSON, Defendant
and Appellee.

No. 981245–CA.

Court of Appeals of Utah.

July 1, 1999.

Larry E. Jones and Lyle W. Hillyard, Hillyard, Anderson & Olsen, Logan, for Appellant.

Pete N. Vlahos, Vlahos, Sharp & Bradley, Ogden, for Appellee.

Before WILKINS, P.J., JACKSON, and ORME, JJ.

## OPINION

JACKSON, Judge:

¶ 1  Joan Williamson appeals the trial court's termination of alimony and its denial of her request for attorney fees. We reverse and remand for further proceedings.

## BACKGROUND

¶ 2  Joan and Stuart Kim Williamson divorced on May 24, 1996, following a twenty-three-year marriage. When they divorced, they had one minor child, whose custody was awarded to Ms. Williamson. The parties stipulated that Mr. Williamson would pay $368 per month as child support and $425 per month as alimony. The stipulated decree provided that alimony would end when Ms. Williamson married, cohabited, or died.

¶ 3  When they divorced, Mr. Williamson was earning roughly $3,550 per month as a supervisor at Morton Automotive Safety Products. In late August 1996, Mr. Williamson was fired for unsatisfactory performance and violating company policy. About one month later, Mr. Williamson filed a Petition to Modify the child support provisions of the divorce decree. Shortly thereafter, he filed an Amended Petition to Modify, asking that alimony also be modified. He asserted that the decrease in his income was a substantial change of circumstances justifying a reduction of both obligations.

¶ 4  Mr. Williamson later started working for his brother's drywall business as a drywall taper, making $11 per hour. After a hearing on Mr. Williamson's petition to modify, the trial court found that his income was $2,090 per month. Mr. Williamson's brother testified that he was paid less than other workers because his age and physical problems caused him to work slowly. Ms. Williamson presented testimony that a drywaller of similar age and physical health could make $13 to $15 per hour.

¶ 5  Ms. Williamson's income at the time of the divorce was $1,442 per month. By the time of the modification hearing, her pay had increased, and she also earned some overtime pay and had taken a part-time job. The

trial court found her income to be $1,692 per month.

¶ 6   At the close of the hearing, the trial court found that there had been a substantial change of circumstances since the parties divorced.  The court then reduced child support to $271.64 per month and ended alimony.  The court ordered Mr. and Ms. Williamson to bear their own attorney fees.

¶ 7   On appeal, Ms. Williamson challenges the sufficiency of the trial court's findings regarding alimony.  She also contends the trial court abused its discretion in ending her alimony entirely.  Finally, she argues she should be awarded attorney fees both below and on appeal.[1]

### ANALYSIS

#### I.   Terminating Alimony

■■■   ¶ 8   Ms. Williamson first argues the trial court's findings of fact are insufficient to support ending alimony.[2]  We agree.  Before the trial court can modify a divorce decree, it must find that there has been a "substantial material change of circumstances not foreseeable at the time of the divorce." [3]   Utah Code Ann. § 30–3–5(7)(g)(i) (1998).  Once that finding has been made, the court must then consider "at least the following factors in determining alimony: (i) the financial condition and needs of the recipient spouse; (ii) the recipient's earning capacity or ability to produce income; (iii) the ability of the payor spouse to provide support; and (iv) the length of the marriage."  Utah Code Ann. § 30–3–5(7)(a) (1998).[4]  These factors apply not only to an initial

award of alimony, but also to a redetermination of alimony during a modification proceeding.   *See Christiansen v. Christiansen,* 667 P.2d 592, 595 (Utah 1983).   The trial court must then make findings of fact based on these factors.   *See Breinholt v. Breinholt,* 905 P.2d 877, 880 (Utah Ct.App.1995).

■■■   ¶ 9   The standard for findings in modification proceedings is well established. " '[T]he. trial court must make findings on all material issues, and its failure to delineate what circumstances have changed and why these changes support the modification made in the prior divorce decree constitutes reversible error unless the facts in the record are clear, uncontroverted and only support the judgment.' "  *Muir v. Muir,* 841 P.2d 736, 739 (Utah Ct.App.1992) (quoting *Whitehouse v. Whitehouse,* 790 P.2d 57, 61 (Utah Ct.App.1990)).  The findings should be more than cursory statements; they must " 'be sufficiently detailed and include enough subsidiary facts to disclose the steps by which the ultimate conclusion on each factual issue was reached.' "  *Id.* (quoting *Acton v. J.B. Deliran,* 737 P.2d 996, 999 (Utah 1987)).

¶ 10   In this case, the trial court stated that it was "painting with a broad brush," and made findings only on the parties' incomes at the time of the divorce and at the time of the modification hearing.  The trial court, however, should have substituted a sharpened pencil for its broad brush and set forth detailed findings on the factors specified in section 30–3–5(7)(a).  "Accordingly, we remand for the trial court to enter adequate findings, supported by sufficient evidence," on the factors set forth in section 30–

---

1.   We decline to address Ms. Williamson's other arguments because they are without merit or not necessary to our disposition of this case.   *See State v. Carter,* 776 P.2d 886, 888 (Utah 1989) (stating we "need not analyze and address in writing each and every argument, issue, or claim raised and properly before us on appeal").

2.   We agree with Ms. Williamson that she "need not engage in a futile marshalling exercise [because she] can demonstrate the findings, as framed by the court, are legally insufficient."  *Campbell v. Campbell,* 896 P.2d 635, 638 (Utah Ct.App.1995).

3.   Ms. Williamson does not challenge the determination that there was a substantial material change of circumstances.  As the trial court's

"determination that there [has or has not] been a substantial change of circumstances ... is presumed valid," and she has not challenged that determination, we will not disturb the trial court's ruling on this issue.  *Wells v. Wells,* 871 P.2d 1036, 1038 (Utah Ct.App.1994) (alterations in original).

4.   Section 30–3–5(7)(a) codifies the three factors set out in *English v. English,* 565 P.2d 409, 411–12 (Utah 1977), and *Jones v. Jones,* 700 P.2d 1072, 1075 (Utah 1985), often referred to as the "Jones factors."  The statute adds a fourth factor—the length of the parties' marriage.

3–5(7)(a). *Muir*, 841 P.2d at 741. That is, the trial court should consider evidence of, and enter findings regarding, all four statutory factors: i.e., Ms. Williamson's "financial conditions and needs" and her "earning capacity or ability to produce income," Mr. Williamson's ability to provide support, and the length of the parties' marriage.[5] Utah Code Ann. § 30–3–5(7)(a) (1998).

¶ 11 When considering Ms. Williamson's financial condition and earning capacity, and Mr. Williamson's ability to give support, the trial court should move beyond merely considering their incomes and inquire more fully into their financial situations, including Mr. Williamson's new spouse's "financial ability to share living expenses" with him. *Id.* § 30–3–5(7)(g)(iii)(A). This in-depth consideration of the parties' circumstances is necessary to fulfill the goal of alimony, which is to equalize the parties' standards of living, not just their incomes, in those cases in which insufficient resources exist to satisfy both parties' legitimate needs. *See Olson v. Olson*, 704 P.2d 564, 566–67 (Utah 1985); *Fullmer v. Fullmer*, 761 P.2d 942, 951 (Utah Ct.App.1988). Moreover, the trial court should consider current evidence of the parties' financial situations, as their "circumstances . . . may have changed during this appeal." *Moon v. Moon*, 973 P.2d 431, 438 (Utah Ct.App.1999).

¶ 12 Although our decision is based on the insufficiency of the findings below, we remind the trial court that "the power to terminate [alimony] should be exercised with caution and only after *full consideration* of the circumstances of the parties." 24A Am.Jur.2d *Divorce and Separation* § 813 (1998) (emphasis added). We note, for the trial court's guidance on remand, that

> for the trial court to terminate [an] alimony award, there must be an articulated basis for doing so; i.e., the court must be persuaded that [the recipient spouse] will be able to support [him- or] herself at a

standard of living to which [he or] she was accustomed during the parties' marriage, or that [the payor spouse] is no longer able to pay.

*Fullmer*, 761 P.2d at 951. In determining this, the trial court should consider Mr. Williamson's reduced income, but that factor alone is not enough to justify ending alimony. *See Jense v. Jense*, 784 P.2d 1249, 1252 (Utah Ct.App.1989) ("The loss of a job . . . may go to [a payor spouse's] ability to pay the judgment, but it is not a proper basis upon which to change the amount of the original award."). We note further that the child support paid by Mr. Williamson to Ms. Williamson is earmarked for the parties' minor child and should not be considered as income to Ms. Williamson for purposes of calculating alimony. *See Reick v. Reick*, 652 P.2d 916, 917 (Utah 1982) (stating "the basic and unalienable right to child support . . . is vested in the minor").

## II. Attorney Fees

¶ 13 Ms. Williamson argues the trial court should have awarded her attorney fees below. Section 30–3–3(1) states that a trial court may award attorney fees in a modification proceeding. *See* Utah Code Ann. § 30–3–3(1) (1998). Here, each party proffered $1,500 in attorney fees, and neither party objected to the other's proffer or the reasonableness of the fees. The trial court ordered both parties to pay their own attorney fees, but made no findings about either party's need for or ability to pay attorney fees. "In short, the court gave no explanation for requiring each party to bear his or her own fees and costs. The absence of these findings prevents a meaningful review of the trial court's ruling." *Wilde v. Wilde*, 969 P.2d 438, 444 (Utah Ct.App.1998). Accordingly, we remand for the trial court to reconsider Ms. Williamson's request for attorney fees and to enter findings regarding the same.[6]

¶ 14 Ms. Williamson also requests attorney fees on appeal. She is the success-

---

5. That the parties were married for twenty-three years was an undisputed fact before the trial court. However, because the findings are cursory, we do not know whether the trial court considered the long length of the marriage in deciding to end alimony.

6. Insofar as the court's decision to have Ms. Williamson pay her own fees is attributable to Mr. Williamson's having prevailed on his petition—something the trial court did not articulate but might have had in mind—the rationale may

ful party on appeal and, accordingly, should she be awarded attorney fees on remand, we instruct the trial court also to hear evidence regarding her reasonable attorney fees on appeal and to order Mr. Williamson to pay those fees. *See id.* If the trial court does not award her attorney fees below, she will bear her own attorney fees and costs incurred on appeal.

## CONCLUSION

¶ 15 We remand to the trial court to consider, and enter findings regarding, the alimony factors set out in section 30–3–5(7)(a). Should the result differ on remand, we direct the trial court to enter appropriate conclusions and an order regarding alimony. We also remand for entry of findings, conclusions, and an order regarding attorney fees below. If Ms. Williamson is awarded fees below, we order that she also be awarded her fees on appeal.

¶ 16 WE CONCUR: MICHAEL J. WILKINS, Presiding Judge, and GREGORY K. ORME, Judge.

need to be reassessed, depending on the outcome of the proceedings on remand.