2003 UT App 317

**Sonia KELLEY, Petitioner and Appellee,**

v.

**Wayne KELLEY, Respondent and Appellant.**

No. 20020657–CA.

Court of Appeals of Utah.

Sept. 25, 2003.

Steven Kuhnhausen and Bart J. Johnsen, Richman & Richman LLC, Salt Lake City, for Appellant.

James C. Haskins and Thomas N. Thompson, Haskins & Associates, Salt Lake City, for Appellee.

Before BILLINGS, Associate Presiding Judge, and DAVIS and ORME, JJ.

OPINION

BILLINGS, Associate Presiding Judge:

¶ 1 Wayne Kelley appeals the trial court's judgment on remand from this court. We affirm.

## BACKGROUND [1]

¶ 2 Wayne first married Sonia Kelley in May 1980. In July 1994, Wayne and Sonia agreed for financial reasons to divorce and transfer title of Wayne's personal assets to Sonia. Following this divorce, "Wayne and Sonia made no change in their pre-divorce relationship or living arrangements," and, in essence, continued as husband and wife. *Kelley v. Kelley*, 2000 UT App 236,¶ 5, 9 P.3d 171. In response to Sonia's July 1996 action for divorce, the trial court found that Wayne and Sonia entered a common law marriage which commenced immediately following the July 1994 divorce. This common law marriage, which we upheld in *Kelley*, 2000 UT App 236 at ¶ 19, 9 P.3d 171, lasted five years before Wayne and Sonia divorced a second time. *See id.* at ¶ 28 n. 11.

¶ 3 The trial court considered the entire length of the marital relationship in awarding Sonia alimony for sixteen years following the second divorce. In *Kelley*, however, we found that "[b]ecause the [trial] court made no finding of extenuating circumstances, the time for which the [trial] court may order alimony is limited ... to the [five-year] common law marriage." *Id.* at ¶ 28. Thus, we remanded "for the entry of further findings addressing whether extenuating circumstances exist," *id.* (quotations and citation omitted), in accordance with Utah Code Annotated section 30–3–5(7)(h) (1998),[2] to justify an alimony award for longer than five years.

¶ 4 On remand, the trial court ordered that Wayne pay alimony to Sonia "at the rate of $3,000 per month from December 1998 for a period of ten years, or until remarriage of [Sonia], whichever occurs first." In so doing, the court found the following:

The provisions of the 1994 [divorce] decree were clearly inadequate as evidenced by the parties' continued actions. They continued to reside together in a common law relationship just as though no decree had ever been entered. [Wayne] continued to provide support to [Sonia] and the children

in the [same] amount ... as ... before. [Sonia] and the children continued in the lifestyle to which they had been accustomed. It was not until after the parties began having difficulty in 1996 that things changed.

We must now determine whether this finding of an essentially unbroken marital relationship for sixteen years describes an "extenuating circumstance" justifying an award of alimony for more than the five-year common law marriage.

## ISSUES AND STANDARDS OF REVIEW

■ ¶ 5 Wayne claims the trial court's findings on remand are insufficient to support the court's legal conclusion that "extenuating circumstances" justify alimony for longer than five years. We review this application of findings to statutory law for an abuse of discretion. *See Clark v. Clark*, 2001 UT 44,¶ 14, 27 P.3d 538; *Willey v. Willey*, 951 P.2d 226, 230 (Utah 1997). Wayne also challenges the sufficiency of the trial court's findings regarding the length of the parties' marriage in relation to the alimony award. We review these findings for clear error. *See Clark*, 2001 UT 44 at ¶ 14, 27 P.3d 538.

## ANALYSIS

■ ¶ 6 Wayne argues the trial court's findings on remand do not support a conclusion of "extenuating circumstances" justifying alimony for longer than the five-year duration of Wayne and Sonia's second marriage. Under section 30–3–5(7)(h), "[a]limony may not be ordered for a duration longer than the number of years that the marriage existed unless, at any time prior to termination of alimony, the court finds *extenuating circumstances* that justify the payment of alimony for a longer period of time." (Emphasis added.) In *Kelley v. Kelley*, 2000 UT App 236, 9 P.3d 171, because alimony was awarded in response to Wayne and Sonia's divorce from their second (common law) marriage, *see id.* at ¶ 28, we determined the

---

1. The facts of this case are set out in further detail in *Kelley v. Kelley*, 2000 UT App 236, 9 P.3d 171.

2. The 2003 version of this statute renumbered this provision as Utah Code Annotated section 30–3–5(8)(h) (Supp.2003), but for the sake of clarity and consistency, we will refer to the previous version of the statute.

trial court must on remand find "extenuating circumstances" if it were to award alimony for a period longer than the second marriage.

¶ 7 We conclude the trial court's finding supports its legal conclusion of "extenuating circumstances." Notwithstanding their initial divorce, the court found that Wayne and Sonia had a *continuous* marital relationship in either a solemnized or common law form for more than sixteen years. This unique situation presents the type of "extenuating circumstance" that could justify a longer than normal alimony award, and we thus conclude the trial court did not abuse its discretion.[3]

¶ 8 Wayne next claims the trial court's findings regarding the duration of the relationship are insufficient because they are inconsistent with previous judicial determinations that the first and second marriages are legally distinct. We disagree. In *Kelley,* we upheld the trial court's determination that legally there were two separate marriages. *See id.* at ¶¶ 19, 34. We did not disturb the trial court's findings that the parties factually continued to behave as if no divorce had occurred. *See id.* The fact of serial marriages is precisely why we remanded for an "extenuating circumstances" determination to justify alimony beyond the length of the second marriage. On remand, the trial court reasonably found that, *in spite of* the two separate legal marriages, the continuing nature of Wayne and Sonia's personal and financial relationship, which in actual effect ignored the first divorce, presented extenuat-

ing circumstances. Thus, Wayne's appeal fails.[4]

¶ 9 We affirm.

¶ 10 I CONCUR: GREGORY K. ORME, Judge.

DAVIS, Judge (dissenting):

¶ 11 I dissent because today's decision has the effect of obviating our ruling in *Kelley v. Kelley,* 2000 UT App 236, 9 P.3d 171 (*Kelley I* ). In *Kelley I,* we held that Sonia Kelley's (Wife) entitlement to alimony from her previous marriage terminated when her common law marriage began, and her entitlement to alimony from her common law marriage was limited to five years absent extenuating circumstances. *Id.* at ¶ 28. Since the trial court had not made an explicit finding of extenuating circumstances, pursuant to Utah Code Ann. § 30-3-5(7)(h) (1998),[1] we " 'remand[ed] for the entry of further findings addressing whether extenuating circumstances exist as to satisfy section 30-3-5(7)(h).' " *Kelley I,* 2000 UT App 236 at ¶ 28, 9 P.3d 171 (quoting *Rehn v. Rehn,* 1999 UT App 41, ¶ 14, 974 P.2d 306). On remand, the trial court "found" the very circumstance that created the five year limitation—the unique marital relationship of the Kelleys—to be an extenuating circumstance. I disagree with this circular reasoning.

¶ 12 On remand the trial court made the standard findings supporting an award of alimony, one of which is the length of the marriage.[2] Here, the length of the marriage

---

3. Our colleague, in his dissent, expresses concern that by approving a prior relationship as an extenuating circumstance we have rendered the limitations of Utah Code Annotated section 30-3-5(7)(h) (1998) meaningless. However, he misunderstands our logic. We are not stating that a prior relationship constitutes an extenuating circumstance; we are holding that under the unusual facts of this case the trial court did not abuse its discretion in finding extenuating circumstances where, after what was essentially a sham divorce, the parties continued to live in exactly the same factual situation as they had previously. Conversely, in the somewhat more usual, but still comparatively rare, circumstance of a couple divorcing, reconciling later, and remarrying, there would not be, without more, the requisite extraordinariness.

4. In addition, Wayne wrongly insists the trial court's findings supporting extenuating circum-

stances are insufficient because they are not supported by the record on remand. Wayne incorrectly assumes the trial court's findings on remand can only be supported by the record on remand. Such is clearly not the case where our remand was not for the purpose of adducing evidence, but rather for the trial court to make additional findings in reference to the evidence already of record.

1. The 2003 version of this statute has renumbered this provision as Utah Code Ann. § 30-3-5(8)(h) (Supp.2003), but for the sake of clarity and consistency, I will refer to the previous version of the statute.

2. When making a determination of alimony, Utah courts consider the following factors, first mentioned in *Jones v. Jones,* 700 P.2d 1072, 1075 (Utah 1985): "[1] the needs of the recipient

from which Wife claims alimony is five years, not sixteen years. It is inappropriate for the trial judge to simply change this standard finding into an extenuating circumstance. If, in *Kelley I*, we had viewed the Kelleys' relationship as a single marriage notwithstanding their shenanigans,[3] we would have said so, and there would have been no need to remand to determine whether extenuating circumstances justified extending alimony beyond five years.

¶ 13 We concluded in *Rehn* that "a court must explicitly make a finding of 'extenuating circumstances' in order to extend the alimony period beyond the duration of the marriage." 1999 UT App 41 at ¶ 14, 974 P.2d 306. The trial court in this case simply labeled the length of the Kelleys' relationship as an extenuating circumstance; I believe *Rehn* requires more. When analyzing the factors under section 30–3–5(7)(h), "the trial court must make detailed findings on all material issues, i.e. the *Jones* [*v. Jones*, 700 P.2d 1072, 1075 (Utah 1985),] factors, which 'should ... include enough subsidiary facts to disclose the steps by which the ultimate conclusion on each factual issue was reached.' " *Rehn*, 1999 UT App 41 at ¶ 6, 974 P.2d 306 (second alteration in original) (citations omitted). Aside from perfunctory findings, the trial court does not articulate why the unique marital relationship of the Kelleys, against the backdrop of *Kelley I*, should be considered an extenuating circumstance. The additional findings made by the court justify only a conclusion that alimony should be awarded, not that it should be extended past the five years.

¶ 14 I am also concerned that our approval of a prior relationship as an extenuating circumstance renders the limitation of section 30–3–5(7)(h) meaningless in such cases.

¶ 15 Although Utah courts have not directly addressed the issue of what constitutes

extenuating circumstances, in my view, it must be something other than the length of the marriage which is already an alimony factor *and* the very focus of the limitation of section 30–3–5(7)(h). In my view, a more typical extenuating circumstance is one which implicates the physical health, mental health, or well-being of a spouse. Other jurisdictions have approached the issue in various ways. "Texas limits support to three years regardless of the duration of the marriage, except in cases of 'incapacitating physical or mental disability.' Indiana simply sets a three-year limit, except in cases of the physical or mental incapacity of the recipient, or of a child whose custodian must forego employment." Robert Kirkman Collins, *The Theory of Marital Residuals: Applying an Income Adjustment Calculus to the Enigma of Alimony*, 24 Harv. Women's L.J. 23, 62 n. 161 (2001) (citations omitted). Florida appears to follow a similar approach. *See Blumberg v. Blumberg*, 561 So.2d 1187, 1188 (Fla.Dist.Ct.App.1989) (per curiam) (extension of the alimony period appropriate upon wife's showing of unanticipated and substantial medical expenses); *Reaves v. Reaves*, 514 So.2d 1147, 1148 (Fla.Dist.Ct.App.1987) (holding that wife alleged a proper argument to extend the alimony period where serious illness prevented her rehabilitation before the end of the alimony period).

¶ 16 Under the facts and circumstances of this case, the trial court's modification of the length of the marriage was not, and did not, create an extenuating circumstance.

---

spouse; [2] the earning capacity of the recipient spouse; [3] the ability of the obligor spouse to provide support; and, [4] the length of the marriage." *Rehn v. Rehn*, 1999 UT App 41, ¶ 6, 974 P.2d 306. While the fourth factor was not originally listed as a factor in *Jones*, it appears that this court now considers it as part of the determination whether to award alimony. *See Rehn*,

1999 UT App 41 at ¶ 6, 974 P.2d 306; Utah Code Ann. § 30–3–5(7)(h) (Supp.2002).

**3.** For whatever reason, in *Kelley I*, Wife sought a common law marriage rather than seeking to set aside or modify the existing decree of divorce. *See Kelley v. Kelley*, 2000 UT App 236, ¶ 7, 9 P.3d 171.