**2015 UT App 245**

THE UTAH COURT OF APPEALS

ASHLEY SNYDER,
Appellee,
*v.*
JOHN WESLEY SNYDER,
Appellant.

Memorandum Decision
No. 20140084-CA
Filed September 24, 2015

Eighth District Court, Vernal Department
The Honorable Edwin T. Peterson
No. 074800224

Marsha M. Lang, Attorney for Appellant

Michael D. Harrington, Attorney for Appellee

JUDGE MICHELE M. CHRISTIANSEN authored this Memorandum
Decision, in which JUDGES JAMES Z. DAVIS and JOHN A. PEARCE
concurred.

CHRISTIANSEN, Judge:

¶1 John Wesley Snyder (Father) appeals the district court's denial of his petition to modify the divorce decree's orders on custody and parent-time. We vacate the district court's order and remand for further proceedings in accordance with this decision.

¶2 Ashley Snyder (Mother) filed a petition for divorce in July 2007, seeking alimony, joint legal custody, and primary physical custody of the parties' two minor children. In his answer, Father opposed Mother's requests regarding custody of the children.

¶3 The parties participated in mediation and reached a full settlement in the case. On September 12, 2008, the parties agreed

to joint legal custody of the children with sole physical custody awarded to Mother, subject to Father's "reasonable and liberal visitation schedule." The district court entered a final decree of divorce in October 2008 consistent with the parties' agreement for joint legal custody "with [Mother] being awarded the physical custody of the children."

¶4     Between 2009 and 2012, the parties filed several orders to show cause and petitions to modify the divorce decree regarding child support, parent-time, reimbursement for the children's medical costs, and alimony. On August 17, 2012, Mother filed another petition to modify the divorce decree, requesting an increase in child support. On September 11, 2012, Father filed a counter-petition, seeking modification of the parent-time schedule. The district court scheduled a hearing on the petitions and recommended that the parties attempt to resolve the matter through mediation. Mediation was unsuccessful, and the parties prepared for trial. Mother requested the court hold a pretrial hearing to narrow the issues for trial.

¶5     On June 25, 2013, the parties appeared for the pretrial hearing. At that hearing, Father's counsel indicated that she would like to conduct additional discovery and obtain a custody evaluation. In response, Mother's counsel stated that custody was "not at issue before the Court" because "there [was] no pending petition regarding custody" and "the only thing that's before the Court is a petition to establish child support." The district court agreed with Mother's counsel and told Father's counsel that if Father "is wanting to modify custody, then there would have to be a petition to that nature" and the court "[did] not want to open any issues that are not before the Court, if that needs to be done, it needs to be done in separate petitions." The district court also stated its intention of moving forward on Mother's petition to modify child support "because it's been filed forever." Father's counsel agreed, and the district court set a trial date to resolve the pending child-support petition.

¶6     The child-support issue was ultimately resubmitted to mediation. At mediation, the parties came to an agreement regarding child support and filed a signed stipulation (the Stipulation). While the Stipulation purported to "resolve all matters between the parties that are currently before the Court," the Stipulation only addressed the issue of child support. On August 13, 2013, the district court entered an order increasing Father's monthly child-support payments based on the Stipulation.

¶7     On October 10, 2013, Father filed an amended petition to modify the divorce decree, alleging "substantial changes in circumstances since 2010 in parenting that affect the best interests of the Children." Father's amended petition raised claims of "physical abuse, emotional maltreatment, parent-time discord, and deliberate interference with [Father's] relationship with the Children." Based on these allegations and his claim of substantial changes in circumstances since entry of the original divorce decree, Father requested a custody evaluation and that he be awarded joint physical custody of the children. Father also moved for additional orders, including the appointment of a custody evaluator, mutual restraining orders, and the adoption of a parenting plan. Mother opposed Father's petition to modify, claiming that Father had failed to state a claim for which relief could be granted because "the Stipulation . . . resolved all issues between the parties."

¶8     At a hearing on Father's amended petition to modify, the district court denied Father's petition to modify due to the Stipulation and the court's order modifying the decree that had been entered two months earlier. The district court asked Father's counsel, "[I]s it your position that the conditions changed substantially in the matter of less than two months?" Father's counsel stated that the court had directed the parties to file separate petitions to modify if they desired to change the visitation schedule, and that counsel had informed the court at the pretrial hearing that Father intended to amend his

modification petition to include the issue of custody. The court responded, "There is an order in place in this matter, [an] order . . . modifying the decree. It contains the stipulation of the parties, it's approved as to form as to yourself, and it really clearly states, in paragraph seven, the stipulation shall resolve all matters between the parties that are currently before the Court. That would be all matters that are currently before the Court." The district court then dismissed Father's petition to modify "because you can't come in less than two months later and try to reopen something that you've gone through a good faith stipulation in, and the parties have stipulated to." Several weeks later, the district court entered its written order dismissing Father's amended petition to modify the divorce decree with prejudice. Father appeals.

¶9    Father challenges the district court's denial of his petition to modify the divorce decree. We "generally review[] the determination to modify a divorce decree for an abuse of discretion." *Sill v. Sill*, 2007 UT App 173, ¶ 8, 164 P.3d 415 (citation and internal quotation marks omitted). However, to the extent "that determination is based on a conclusion of law, we review it for correctness." *Id.* (citation and internal quotation marks omitted).

¶10    Utah Code section 30-3-5(3) provides that "[t]he [district] court has continuing jurisdiction to make subsequent changes or new orders for the custody of the children and their support." Utah Code Ann. § 30-3-5(3) (LexisNexis 2007). Although principles of res judicata "generally preclude reconsideration of issues that have been previously judicially determined," equity allows a court "'to reopen determinations if the moving party can demonstrate a substantial change in circumstances' not contemplated by the decree itself." *Kielkowski v. Kielkowski*, 2015 UT App 59, ¶ 21, 346 P.3d 690 (quoting *Smith v. Smith*, 793 P.2d 407, 410 (Utah Ct. App. 1990)). A court may modify an order establishing custody if "the circumstances of the child or one or both custodians have materially and substantially changed *since*

*the entry of the order to be modified*[,] and a modification of the terms and conditions of the order would be an improvement for and in the best interest[s] of the child." Utah Code Ann. § 30-3-10.4(1) (LexisNexis 2007) (emphasis added). When determining whether there has been a substantial change in circumstances, the district court will consider the "nature and materiality of any changes in those circumstances *upon which the earlier award of custody was based*." *Hogge v. Hogge*, 649 P.2d 51, 54 (Utah 1982) (emphasis added).

¶11    Here, the original 2008 custody agreement underlying the parties' divorce decree provided for joint legal custody with sole physical custody awarded to Mother. The district court entered the divorce decree in accordance with the parties' agreement without making an independent judicial determination that the agreed-upon custody arrangement was in the best interests of the children. The issue of custody was raised before the district court only when Father's amended petition requested modification to the divorce decree's award of physical custody to Mother. Though the Stipulation in August 2013 purported to "resolve all matters between the parties that [were] currently before the Court," the matter of physical custody was not addressed by the Stipulation. The only order that actually addressed custody, and which order Father sought to modify, was the original divorce decree entered in October 2008. Because the Stipulation did not address custody, the district court erred by dismissing Father's amended petition and requiring Father to show that "conditions [had] changed substantially in the matter of less than two months." We therefore conclude that the district court erred by failing to determine whether circumstances had substantially changed since 2008.[1]

---

1. We note that "an unadjudicated custody decree is not based on an objective, impartial determination of the best interests of the child" and that "[w]hen a child's custody is determined

(continued…)

¶12 Accordingly, we vacate the district court's order dismissing Father's petition to modify the divorce decree and remand for further proceedings consistent with this decision.

––––––––––

(…continued)
by stipulation or default, the custody determination may in fact be at odds with the best interests of the child." *Elmer v. Elmer*, 776 P.2d 599, 603 (Utah 1989). Accordingly, "the changed-circumstances rule should not be rigidly applied when custody was based on an unadjudicated decree." *Id.*; *see id.* at 604–05 (noting that "a number of courts have held that the changed-circumstances rule does not apply when custody is [originally] determined by stipulation or default").