**2016 UT App 125**

## THE UTAH COURT OF APPEALS

DIANE FISH,
Appellee,

*v.*

JEFFERY J. FISH,
Appellant.

Memorandum Decision
No. 20150040-CA
Filed June 9, 2016

Second District Court, Ogden Department
The Honorable Ernest W. Jones
No. 074901990

Robert L. Neeley, Attorney for Appellant

Richard H. Reeve, Attorney for Appellee

JUDGE MICHELE M. CHRISTIANSEN authored this Memorandum
Decision, in which SENIOR JUDGE PAMELA T. GREENWOOD
concurred. SENIOR JUDGE RUSSELL W. BENCH concurred
in the result.[1]

CHRISTIANSEN, Judge:

¶1 Jeffery J. Fish appeals the district court's order denying his motion to modify his decree of divorce from Diane Fish.[2] We affirm.

---

1. Senior Judges Russell W. Bench and Pamela T. Greenwood sat by special assignment as authorized by law. *See generally* Utah R. Jud. Admin. 11-201(6).

2. Because the parties still share a last name, we refer to them by their first names for clarity.

¶2      Diane and Jeffery married in 1980. In 2007, Diane filed for divorce. The divorce decree was entered in 2009, and Jeffery was ordered to pay alimony of $800 per month. He appealed, arguing that the district court erred by failing to impute income to Diane, by imputing income to him, and in calculating the amount of alimony. *See Fish v. Fish*, 2010 UT App 292, ¶ 11, 242 P.3d 787. This court remanded the case back to the district court, concluding that the range of income imputed to Jeffery did not support the amount of the alimony award, that the district court had failed to make adequate findings regarding the parties' earning capacities, and that the district court failed to consider whether maintaining the marital standard of living remained a realistic goal. *Id.* ¶ 31. On remand, the district court held an evidentiary hearing and entered supplementary findings of fact and conclusions of law. The court found that Diane's monthly income was $2,233 and that her needs were $2,997. It therefore again ordered Jeffery to pay alimony of $800 per month.

¶3      In 2012, Jeffery filed a petition seeking to terminate or reduce the alimony award based on an alleged change in Diane's income. The district court conducted a bench trial in 2014, finding that from 2009 to 2014, Diane's monthly income had risen by $264 and that her monthly reasonable and necessary expenses had risen by $492 over that same time period. The court determined that, because this was not a material change in circumstances, there were no grounds to modify the divorce decree. The court also awarded attorney fees to Diane after finding that she was the prevailing party and that Jeffery had the financial ability to pay those fees. The district court stated its findings in a memorandum decision and directed Diane's counsel to prepare a final order for the court to sign. After the order was prepared, signed, and entered, Jeffery filed a motion seeking to have the court amend its findings or grant a new trial, which motion the district court denied.

¶4      Jeffery appeals, contending that the district court erred (1) by what he characterizes as modifying the divorce decree by increasing Diane's monthly expenses, (2) by "failing to follow

the law of the case that [Diane] is capable of working 36 hours per week," (3) by failing to find that Diane was voluntarily underemployed, (4) by failing to find that an unforeseen material substantial change in circumstances warranted modification of the decree, (5) by denying Jeffery's motion to amend findings of fact or to grant a new trial, and (6) by failing to award attorney fees to Jeffery.

I.

¶5     Jeffery first contends that the district court erred "in modifying the decree of divorce increasing [Diane's] monthly expenses by addressing needs that did not exist at the time the decree was entered." We generally review a district court's determination to modify or not to modify a divorce decree for an abuse of discretion. *Snyder v. Snyder*, 2015 UT App 245, ¶ 9, 360 P.3d 796. However, we review for correctness any challenges to the legal adequacy of findings of fact or to the legal accuracy of the district court's statements underlying such a determination. *See id.*; *Van Dyke v. Van Dyke*, 2004 UT App 37, ¶ 9, 86 P.3d 767.

¶6     Utah law generally prevents a district court from modifying an alimony award to account for new needs:

> The court may not modify alimony or issue a new order for alimony to address needs of the recipient that did not exist at the time the decree was entered, unless the court finds extenuating circumstances that justify that action.

Utah Code Ann. § 30-3-5(8)(i)(ii) (LexisNexis 2013). Jeffery asserts that the district court's denial of his petition to modify the divorce decree was in fact a modification of the divorce decree and that the modification was based on needs that did not exist at the time the decree was entered.

¶7     Jeffery claims that the court "did modify the Decree of Divorce [by] entering an order entitled Modification of Decree of

Divorce." But it is the substance of an order rather than its caption that governs its interpretation. *Cf. Trembly v. Mrs. Fields Cookies*, 884 P.2d 1306, 1310 n.2 (Utah Ct. App. 1994) ("[T]he substance, not caption, of a motion is dispositive in determining the character of the motion."); *Color Process Co. v. Northwest Screenprint Co.*, 417 S.W.2d 934, 935 (Mo. 1967) (treating a court's order as quashing service because, although being captioned "Judgment of Dismissal," the substance of the order "did no more than quash the service"). The district court's order, prepared by Diane's counsel and signed by the court, stated that "IT IS HEREBY ORDERED, ADJUDGED AND DECREED: 1. [Jeffery's] Petition to Modify the Divorce Decree is denied. 2. Alimony shall remain at $800 per month." Accordingly, despite counsel's decision to caption the order "Modification of Divorce Decree," the substance of the motion was denial of the petition to modify.

¶8    Jeffery also argues that the order constituted a modification because "the trial court made a substantial change to the decree [by] increasing [Diane's] monthly expenses to $3,489 per month by reason of purchasing a home after the divorce." It is true that the district court's memorandum decision found that Diane's monthly expenses had risen by $492 from 2009 to 2014. But that finding was not included in the court's order denying Jeffery's petition to modify. Moreover, making a finding of fact does not change or modify a divorce decree. Rather, the making of findings of fact is a part of the process by which a court determines whether modification is appropriate.[3]

---

3. We note that while Utah Code section 30-5-8(i)(ii) prevents a court from *modifying* alimony to account for the recipient spouse's new needs, it does not appear to forbid a court from considering the recipient spouse's new needs in its decision not to modify. In any event, Jeffery's challenge in this regard is limited to the question of whether the district court erred by modifying alimony on the basis of Diane's new needs.

¶9  Because the district court's order did not change the amount of alimony or modify the divorce decree, it was neither a modification of alimony nor a new order of alimony, and the order therefore did not run afoul of section 30-3-5(8)(i)(ii).

II.

¶10  Jeffery next contends that the district court erred by "failing to follow the law of the case that [Diane] is capable of working 36 hours per week." "Depending on the procedural posture of a case . . . , the district court may or may not have discretion to reconsider a prior decision it has made." *IHC Health Servs. v. D & K Mgmt., Inc.*, 2008 UT 73, ¶ 27, 196 P.3d 588. "While a case remains pending before the district court prior to any appeal, . . .the court remains free to reconsider that decision;" thus "reconsideration . . . is within the sound discretion of the district court." *Id.* However, under the mandate-rule branch of the law-of-the-case doctrine, "a prior decision of a district court becomes mandatory after an appeal and remand." *Id.* ¶ 28. It is not obvious which branch of the law-of-the-case doctrine Jeffrey seeks to apply here. However, because he asserts that the district court "erred" and does not attack the district court's reconsideration as being an abuse of discretion, we assume that he means the mandate rule.[4] We review the application of the mandate rule for correctness. *See Robinson v. Robinson*, 2016 UT App 32, ¶ 17, 368 P.3d 147.

¶11  Jeffery asserts that in 2011, the district court found that Diane was capable of working thirty-six hours per week. He notes that, at the 2014 modification trial, Diane's accountant testified that Diane worked slightly over thirty hours per week in 2013. Jeffery further notes that Diane's employer testified that he trusted Diane to schedule her own hours as long as the total

---

4. Jeffery does not cite any authority to explain when a district court's reconsideration of an issue may amount to an abuse of discretion.

was under forty hours per week. Jeffery therefore concludes that the district court was required to impute income to Diane by multiplying her hourly wage by thirty-six hours per week, rather than accepting her W-2, which reflected about thirty hours per week.

¶12    It is not clear that the district court's factual finding ("The Court finds [Diane] was working 36 hours a week.") amounted to a decision for the purposes of the law-of-the-case doctrine. *See* Decision, Black's Law Dictionary (10th ed. 2014) ("A judicial or agency determination *after consideration of the facts* and the law; esp., a ruling, order, or judgment pronounced by a court when considering or disposing of a case." (emphasis added)). Nor is it clear that the court's 2011 finding as to the number of hours Diane was actually working in 2009 is relevant to the court's implicit determination of the number of hours Diane was capable of working in 2014. In any event, the mandate-rule branch of the law-of-the-case doctrine only "dictates that a prior decision of a district court becomes mandatory *after* an appeal and remand"; "[w]hile a case remains pending before the district court *prior* to any appeal . . . the court remains free to reconsider that decision." *IHC Health Servs.*, 2008 UT 73, ¶¶ 27, 28 (emphases added). In this case, no appeal was taken between the 2011 entry of the district court's findings of fact and the 2014 order denying Jeffery's petition.

¶13    We conclude that the district court did not err, because the mandate rule has no application here.

### III.

¶14    Jeffery next contends that the district court erred by failing to find that Diane was voluntarily underemployed. He asserts that Diane was working thirty hours per week, and that the district court "tacitly approved [Diane] only working approximately 30 hours per week in determining her present monthly income." Jeffery again argues that the district court should have instead multiplied Diane's hourly pay by the

number of hours she had been working in 2009 (thirty-six hours per week) and imputed to her that amount of income.

¶15    Jeffery does not cite any authority relevant to his argument. *See* Utah R. App. P. 24(a)(9). It is true that a court may impute income to a former spouse for purposes of calculating alimony after finding that the former spouse is voluntarily unemployed or voluntarily underemployed. *See Connell v. Connell*, 2010 UT App 139, ¶ 16, 233 P.3d 836. "However, a finding of voluntary underemployment does not require a court to impute the higher income; it merely allows [the court] to do so." *Id.* ¶ 17. Because Jeffery fails to cite any authority regarding what standards a court should employ for determining when it is appropriate to impute income, he necessarily fails to convince us that the district court erred by failing to impute income to Diane. Moreover, as noted above, the district court's statement that Diane was working thirty-six hours per week in 2011 does not appear relevant to the apparent determination that working thirty hours per week in 2014 was reasonable. Accordingly, there is no support for Jeffery's claim that income should be imputed to her for thirty-six hours per week. He therefore cannot show that the district court erred or abused its discretion by not imputing income to Diane.

¶16    Because Jeffery has not shown that the district court should have imputed income to Diane, let alone proven the amount it should have imputed, we conclude that this claim is inadequately briefed and do not consider it further.

IV.

¶17    Jeffery contends that the district court erred by failing to find that there was a substantial change of circumstances, not foreseeable at the time of the divorce, that justified a modification of alimony. "The court has continuing jurisdiction to make substantive changes and new orders regarding alimony based on a substantial material change in circumstances not foreseeable at the time of the divorce." Utah Code Ann. § 30-3-

5(8)(i)(i) (LexisNexis 2013). "A district court's determination regarding whether a substantial change of circumstances has occurred is presumptively valid, and our review is therefore limited to considering whether the district court abused its discretion." *Earhart v. Earhart*, 2015 UT App 308, ¶ 5, 365 P.3d 719.

¶18 Jeffery does not explain why or in what way he believes the district court abused its discretion. Rather, he asserts that the district court erred. Jeffery begins by estimating Diane's reasonable income; multiplying Diane's hourly wage by the number of hours he believes she should be working.[5] He then adds a "typical" annual bonus and the military retirement monies that she receives. Because the total he arrives at is greater than the amount Diane was earning in 2009, he asserts that a substantial change of circumstances has occurred. He further claims that because the divorce decree is devoid of language referring to an increase in income, any increase is "a change of circumstance not contemplated by the divorce decree itself." On this basis, Jeffery concludes that "there has been a material substantial change of circumstances not contemplated in the decree of divorce."

¶19 As explained above, Jeffery has not established that the court should have imputed more income to Diane than she was actually earning. Accordingly, we assume that Diane's reasonable income was the amount she was receiving from her employment and the military retirement. The magnitude of her alleged increase in income is therefore much smaller than that asserted by Jeffery. We next note that the statute is concerned with whether the alleged change of circumstances was "foreseeable," not whether the alleged change of circumstances was actually foreseen and accounted for in a divorce decree. *See*

---

5. Jeffery provides calculations based on working weeks of thirty-six hours, thirty-three hours, and thirty-two hours without identifying which he believes to be correct.

Utah Code Ann. § 30-3-5(8)(i)(i). It follows that an increase of income not actually contemplated by the divorce decree does not automatically require a finding that a "substantial material change in circumstances not foreseeable at the time of the divorce" has occurred. *See id.* We are not aware of any Utah authority requiring a district court to find that such a change has occurred simply because one party's income has increased and the divorce decree did not discuss possible increases in income. Were it otherwise, creeping inflation could necessitate recalculation of nearly all alimony awards on an annual or biennial basis. And such a rule would conflict with the considerable discretion enjoyed by the district court to determine whether a substantial and material change has occurred. *See Earhart*, 2015 UT App 308, ¶ 5.

¶20    In short, Jeffery argues that because Diane's 2014 income (as calculated using the number of hours per week he believes the court should have imputed to her) is higher than her income at the time of the divorce decree, the district court was required to find that a substantial, material, and unforeseeable change in circumstances had occurred. We disagree. Contrary to Jeffery's contention, this is a question of discretion, not correctness. The district court had discretion to determine, as it did, that in light of all the circumstances, Diane's $2 per hour increase in pay over a five-year period was not such a change.

V.

¶21    Jeffery next contends that the district court erred by denying his motion to amend its findings of fact or to grant a new trial. He challenges both the adequacy of the findings made by the court and the sufficiency of the evidence to support those findings. A district court's determination must be based on adequate findings, and the court's findings must be derived from sufficient evidence. *See Roberts v. Roberts*, 2014 UT App 211, ¶ 10, 335 P.3d 378.

¶22   Findings are adequate when they contain sufficient detail to permit appellate review to ensure that the district court's discretionary determination was rationally based. *Barnes v. Barnes*, 857 P.2d 257, 259 (Utah Ct. App. 1993); *Hall v. Hall*, 858 P.2d 1018, 1021 (Utah Ct. App. 1993). "Unstated findings can be implied if it is reasonable to assume that the trial court actually considered the controverted evidence and necessarily made a finding to resolve the controversy, but simply failed to record the factual determination it made." *Hall*, 858 P.2d at 1025.

¶23   We consider first the district court's discretionary determination that there was not a material change in circumstances. The findings supporting this ruling were that, from 2009 to 2014, Diane's income increased by $264 per month and her expenses increased by $492 per month. The court calculated these increases by comparing its earlier findings about her financial situation in 2009 with the amounts the court found she was reasonably earning and spending in 2014.

¶24   Jeffery asserts that these findings were inadequate to support the determination that there was not a material change in circumstances. He argues that the district court's findings were inadequate because they did not include a finding that Diane was underemployed.[6] However, the court actually made a finding to the contrary. By finding that Diane was reasonably earning $2,497 per month, the court implicitly rejected Jeffery's underemployment argument that sought imputation of additional income. *See Hall*, 858 P.2d at 1025. The district court further found that "this is not a significant material change in income for Diane" and therefore concluded that there was "not a material change in circumstances." We reject Jeffery's inadequacy claim; as a matter of logic, a district court's findings

---

6. Jeffery claimed that Diane was underemployed because, in 2014, she was working fewer hours than she had in 2009, and that the court should therefore impute income to her as if she was working thirty-six hours per week.

are not inadequate to support its ultimate determination simply because they are unfavorable to the losing party's position.[7]

¶25    Jeffery also challenges the sufficiency of the evidence to support the court's findings. "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous . . . ." Utah R. Civ. P. 52(a) (2014). "An appellant who challenges the sufficiency of the evidence supporting a finding of fact has the burden of combing the record for and compiling all of the evidence that supports the finding of fact and explaining why that evidence is legally insufficient to support the finding of fact." *Wilson Supply, Inc. v. Fradan Mfg. Corp.*, 2002 UT 94, ¶ 21, 54 P.3d 1177; *see also Nielsen v. Nielsen*, 2014 UT 10, ¶ 42, 326 P.3d 645 (explaining that, while marshaling is not an absolute requirement, "a party challenging a factual finding or sufficiency of the evidence to support a verdict will almost certainly fail to carry its burden of persuasion on appeal if it fails to marshal"). Jeffery's arguments, however, appear to attack the content of the court's findings rather than any perceived deficiency in the evidence supporting them.

¶26    Jeffery first argues that the court's "findings are insufficient" because the court "failed to make findings as to the recipient's earning capacity or the ability to produce income." He refers to Utah Code section 30-3-5(8)(a)(ii), which states, "The court shall consider at least the following factors in determining alimony: . . . the recipient's earning capacity or ability to produce income." But Jeffery ignores the fact that the court here was considering whether to modify alimony at all rather than how much to modify alimony by. The district court's section 30-3-5(8)(a)(ii) duty to calculate the appropriate amount of alimony is only triggered in a modification proceeding once the court has

---

7. For this reason, we also reject Jeffery's claims that the findings were inadequate for failing to include findings that Diane's housing expense had increased unreasonably and that Jeffery was the prevailing party.

determined that, pursuant to section 30-3-5(8)(i)(i), modification is appropriate "based on a substantial material change in circumstances not foreseeable at the time of the divorce." As a result, because the court here determined that no such change had occurred, it was under no duty to enter new findings as to Diane's earning capacity.[8]

¶27　Jeffery next argues that the district court's findings were insufficient because "[the] court erroneously increased [Diane's] monthly expenses by addressing needs that did not exist at the time the divorce was entered." His complaint appears to be that the district court found Diane's increased monthly expenses reasonable. But he does not explain why the evidence in support of that finding was insufficient. Rather, he simply repeats his argument that the district court should not have considered Diane's increased housing expense as reasonable. "The court may not modify alimony or issue a new order for alimony to address needs of the recipient that did not exist at the time the decree was entered . . . ." Utah Code Ann. § 30-3-5(8)(i)(ii). But here, the court did not modify or issue a new order of alimony. *See supra* ¶¶ 7–9.

¶28　Jeffery also argues that the district court's findings were insufficient because "[t]he trial court failed to find there had been a material substantial change of circumstances regarding [Diane's] increase in income that was not foreseeable at the time of the divorce." Failure to rule in favor of one party neither renders the evidence insufficient to support the findings nor the findings inadequate to support the ruling.

---

8. Jeffery also makes arguments in this regard premised on his earlier assertions that the law-of-the-case somehow applies to the district court's 2011 findings and that additional income should have been imputed to Diane. Because we rejected those premises above, we reject the associated arguments here.

¶29    We conclude that the district court did not err by entering findings that supported its ruling, and the fact that Jeffery sought a different ruling does not undermine the sufficiency of the evidence supporting those findings. We reject Jeffery's attempt to inject alternative findings favorable to his preferred outcome under the guise of an adequacy-of-the-findings or sufficiency-of-the-evidence challenge.

VI.

¶30    Jeffery next contends that the district court erred by failing to award attorney fees to him. Specifically, he argues that he is the prevailing party because he has shown that the district court should have reduced or terminated his alimony obligation. "Generally, when the trial court awards fees in a domestic action to the party who then substantially prevails on appeal, fees will also be awarded to that party on appeal." *Kimball v. Kimball*, 2009 UT App 233, ¶ 52, 217 P.3d 733 (citation and internal quotation marks omitted).

¶31    Jeffery did not prevail below and has not prevailed on appeal. The district court therefore did not err in failing to award attorney fees to him below, and we do not award attorney fees to him on appeal.[9]

¶32    We affirm in all respects.

_____

9. Unfortunately, despite receiving an award of attorney fees below, Diane did not request an award of her attorney fees incurred on appeal.