2017 UT App 45

# THE UTAH COURT OF APPEALS

ROBBEN ANN OLDROYD,
Appellant and Cross-appellee,
*v.*
FARRELL LYNN OLDROYD,
Appellee and Cross-appellant.

Opinion
No. 20150451-CA
Filed March 16, 2017

Second District Court, Morgan Department
The Honorable Noel S. Hyde
No. 134500028

Brent D. Wride and Bryant McConkie, Attorneys for
Appellant and Cross-appellee

Brian E. Arnold and Lauren Schultz, Attorneys for
Appellee and Cross-appellant

JUDGE MICHELE M. CHRISTIANSEN authored this Opinion, in
which JUDGES STEPHEN L. ROTH and KATE A. TOOMEY concurred.

CHRISTIANSEN, Judge:

¶1    Robben Ann Oldroyd (Ann) and Farrell Lynn Oldroyd
(Farrell) divorced in 2015.[1] Both raise challenges to the district
court's division of their assets. The issue we now address is
whether the district court appropriately determined that Farrell
possessed a premarital interest in a house he helped build before
the parties' marriage on land owned solely by Ann. We conclude
that the district court's findings were inadequate to support its
determination. Consequently, we vacate the ruling and remand

---

1. We follow the naming conventions used in the parties'
briefing.

the case for the district court to enter a ruling with more complete findings. We express no opinion as to what an appropriate division might be. Nor do we rule on the issues raised in Farrell's cross-appeal, preferring instead to allow the district court to address them on remand if it so chooses.

¶2    We recite the basic facts as found by the district court.[2] Before the parties' marriage, Ann was the sole owner of an empty parcel of land. She decided to have a house built on the land, and when she and Farrell began dating, Farrell quit his job in Wyoming to assist in the construction. "The source of all funds for building the . . . home was from [Ann.]" However, "[Farrell] performed a lot more labor on the home than [Ann]," and "[Farrell] provided the vast majority of supervision and conceptual direction for the construction of the home." The house was essentially completed before Ann and Farrell married. Ann retained title to the land and house in her name alone and never affirmatively transferred any interest to Farrell.

¶3    During construction, Ann paid several subcontractors who worked on the house. She also paid Farrell between $18,000 and $19,000, apparently based upon an hourly rate. However, the district court found this money was "not tied to the value of [Farrell's] contribution to the home," but was instead intended to help Farrell "meet his ongoing financial obligations for a vehicle and payments related to his first marriage." The district court continued, "Because the $18,000 to $19,000 amount was not a

---

2. The written decision of the district court was prepared by counsel. The apparent orders of the court were included in the first section, titled "Findings of Fact," while the second section, titled "Conclusions of Law," was limited to a statement of jurisdiction and a finding of "irreconcilable differences." We ignore the captions and treat those "findings of fact" that may reasonably be read as orders as such.

payment for the value of services rendered, the Court finds it was a gift to [Farrell]."[3]

¶4 The court determined that "[t]he contributions of [Ann's] premarital cash and [Farrell's] supervision, labor, work, expertise, and conceptual direction are of roughly equal value" and that "[n]either of the parties could have accomplished the building of the home without the joint efforts of each other." The court ultimately concluded that "[t]he contributions of [Ann] and [Farrell] to the value of the property occurred before the marriage relationship, and because of those efforts, both acquired a separate *premarital* interest in the improvements on the property." (Emphasis added). The district court then ordered that the house be sold, that any remaining encumbrances be satisfied, that $110,000 of the sale proceeds be awarded to Ann because she owned the land on which the house was built, and that the remaining proceeds be divided equally between the parties.

¶5 Ann appeals, arguing the district court erred or abused its discretion when it determined that Farrell had a premarital interest in the house built on her land. The district court has considerable discretion in determining the financial interests of divorcing parties. *Hall v. Hall*, 858 P.2d 1018, 1021 (Utah Ct. App. 1993). The district court abuses that discretion when it fails to enter findings of fact adequate to support its financial determinations. *Id.* Findings of fact are adequate to support the district court's financial determinations only when they are sufficiently detailed to disclose the steps by which the district court reached its ultimate conclusion on each issue. *Id.* We cannot affirm a district court's ruling when the court has failed to enter adequate findings in support of its financial determinations. *Id.*; *Taft v. Taft*, 2016 UT App 135, ¶ 45, 379 P.3d 890.

---

3. The district court did not discuss whether Farrell's contemporaneous labor on the house was a gift to Ann.

¶6  In a divorce, each party "is presumed to be entitled to all of his or her separate property and fifty percent of the marital property." *Burt v. Burt*, 799 P.2d 1166, 1172 (Utah Ct. App. 1990). Accordingly, "the court should first properly categorize the parties' property as part of the marital estate or as the separate property of one or the other." *Id.*; *accord Kelley v. Kelley*, 2000 UT App 236, ¶ 24, 9 P.3d 171. "Generally, trial courts are . . . required to award premarital property, and appreciation on that property, to the spouse who brought the property into the marriage." *Elman v. Elman*, 2002 UT App 83, ¶ 18, 45 P.3d 176.

¶7  Here, the district court determined that, while only Ann had a premarital interest in the land upon which the house was built, both Ann and Farrell "acquired a separate premarital interest in the improvements on the property," i.e., the house. In other words, it ruled that both Ann and Farrell acquired ownership interests in the house before their marriage began. But the court had found that "the property[,] including land and all improvements, has always been titled in [Ann's] name alone"; that "[t]here has never been a record transfer or title change in the property from [Ann] to [Farrell]"; and that "[t]he acquisition of the construction materials and payments of all out-of-pocket costs for [the house] were paid by [Ann] from her separate premarital funds."

¶8  The district court's reasoning appears to be that an equitable interest in the house accrued to Farrell as a result of his construction-related labor and assistance.[4] But the court did not explain what legal theory gave rise to that equitable interest, i.e., the court did not discuss whether unjust enrichment, promissory estoppel, quasi-contract, or some other theory applied. Nor does

---

4. The court's oral ruling as to this matter stated only that, "as a matter of equity[, Farrell] acquired an equitable interest in that property equal to one-half of its improved value at the time the home was completed."

our review of the proceedings below indicate that Farrell identified to the court a particular theory under which he was entitled to a premarital interest. It is therefore unclear what theory the court applied and which facts it believed supported that theory.

¶9　Farrell asserts that the court distributed the house based on a determination of exceptional circumstances. *See, e.g.*, *Stonehocker v. Stonehocker*, 2008 UT App 11, ¶ 15, 176 P.3d 476 (noting that, in a divorce case, a district court "should consider whether there are exceptional circumstances that overcome the general presumption that marital property be divided equally between the parties"). But the district court did not rule that the house was marital property that should be divided unequally. Nor did it find that exceptional circumstances existed; in fact, neither the transcript nor the court's written order even use that term. Rather, the court determined that Farrell had "acquired a *separate premarital* interest" in the house. (Emphasis added.) Because the court did not divide the house as an item of marital property, let alone unequally, the exceptional-circumstances doctrine does not apply.[5]

¶10　Farrell also asserts that the court's determinations were based on an agreement made by the parties. But the court explicitly noted that "[t]here was no premarital agreement existing between the parties, nor was there any postnuptial

---

5. Nor would the extraordinary-situation doctrine apply. *See Elman v. Elman*, 2002 UT App 83, ¶ 19, 45 P.3d 176 (recognizing that, in "extraordinary situations," a court may invade one spouse's separate property and award it to the other spouse to achieve equity); *see also Kunzler v. Kunzler*, 2008 UT App 263, ¶ 35, 190 P.3d 497. The court did not mention the extraordinary-situation doctrine, did not find that the house was Ann's separate property, and did not purport to award an interest in Ann's separate property to Farrell to achieve an equitable result.

agreement entered into by the parties." The court's written order made no mention of any other agreement, and we therefore cannot presume that the property division was predicated on an agreement.

¶11   We are unable to trace with accuracy the steps by which the district court reached its ultimate conclusion that Farrell had obtained a premarital interest in the house. The findings of fact are thus inadequate to support the court's financial determinations. *Hall v. Hall*, 858 P.2d 1018, 1021 (Utah Ct. App. 1993). Consequently, we must vacate the district court's ruling as to Ann's and Farrell's premarital interests in the house. *Id.*; *Taft v. Taft*, 2016 UT App 135, ¶ 45, 379 P.3d 890.

¶12 Farrell's cross-appeal concerns two apparently unpreserved issues. An appellant's brief must contain citations to the record showing that the issues presented on appeal were preserved in the district court or a statement of grounds for seeking review of unpreserved issues, *see* Utah R. App. P. 24(a)(5), and this requirement applies equally to cross-appellants' briefs. Farrell provides no such citations or grounds, and we would normally consider these issues waived.[6] *See Wohnoutka v. Kelley*, 2014 UT App 154, ¶ 3, 330 P.3d 762. However, because we vacate the district court's ruling on other grounds and remand the case to that court without ruling on the cross-appeal issues, Farrell may yet attempt to raise these claims in the district court. *See, e.g.*, *Gildea v. Guardian Title Co.*, 2001 UT 75, ¶ 9, 31 P.3d 543 (pursuant to the mandate rule, "issues resolved by this court on appeal bind the [district] court on remand"); *Fish v. Fish*, 2016 UT App 125, ¶ 10, 379 P.3d 882 (noting that the mandate rule of the law-of-the-case doctrine

---

6. We reject Farrell's assertion, made at oral argument before this court, that the preservation requirement does not apply because he did not originally intend to appeal.

prevents a district court from reconsidering an issue once it has been raised and actually resolved on appeal).

¶13 We vacate the district court's ruling and remand the case for further proceedings as appropriate.

————