2018 UT App 22

## THE UTAH COURT OF APPEALS

HOLLY PAULSEN,
Appellee,
*v.*
KEITH PAULSEN,
Appellant.

Opinion
No. 20151014-CA
Filed February 1, 2018

Second District Court, Farmington Department
The Honorable Robert J. Dale
No. 034701322

Matt G. Wadsworth, Attorney for Appellant

Holly Paulsen, Appellee Pro Se

JUDGE KATE A. TOOMEY authored this Opinion, in which JUDGES
DAVID N. MORTENSEN and DIANA HAGEN concurred.

TOOMEY, Judge:

¶1     Keith Paulsen appeals the district court's denial of his
motion for summary judgment in connection with his petition to
modify the parties' divorce decree to decrease his monthly
alimony obligation. He also challenges the court's findings
entered after trial on the petition to modify. We affirm in part
and vacate in part and remand.

¶2     The parties obtained a bifurcated divorce decree in
November 2004, reserving several issues for trial. Following trial
in late 2005, the district court entered a second decree in which it

awarded Keith[1] legal and physical custody of the parties' five children and ordered him to pay Holly $1,408 per month in alimony with an offset of $408 for child support, leaving a net alimony payment of $1,000 per month. The court determined that Holly was underemployed and imputed to her income of $1,850 per month. The court found Holly's monthly expenses to be $2,949 per month.

¶3      In 2013, Keith petitioned to modify the decree, asking the district court to terminate his alimony obligation to Holly. The basis for Keith's petition was Holly's alleged ability to earn no less than $3,467 per month and a reduction in her monthly expenses by virtue of nearly having satisfied her mortgage. Keith's petition also stated that his alimony obligation was $1,000 per month.

¶4      Holly answered Keith's petition, denying that she was capable of earning $3,467 per month. Holly admitted she was close to satisfying her mortgage "but denie[d] that she [did] not have a housing expense." Holly noted that her interpretation of the decree's alimony award differed from Keith's: "the alimony was actually $1408.00 with a child support off set of $408.00 leaving a net of $1000.00. Now that all of the children are emancipated the alimony amount is $1408.00." She also argued that Keith "has failed to take into account the *Jones v. Jones* factors which include the current living expenses of [Holly] and [Keith's] ability to assist in those expenses."

¶5      In October 2014, Keith filed a motion for summary judgment "on the broad issue of alimony." In his supporting memorandum, he stated that, according to Holly's paystubs, "she now makes $16.00 per hour or $33,280.00 yearly. This

---

1. "As is our practice in cases where both parties share a last name, we refer to the parties by their first name with no disrespect intended by the apparent informality." *Smith v. Smith*, 2017 UT App 40, ¶ 2 n.1, 392 P.3d 985.

equates to $2,773.33 per month gross or $2,357.33 net per month." He also alleged that Holly told him that "she now makes over $3,200 per month." As to Holly's expenses, he merely cited the district court's finding at the time alimony was initially set that her monthly expenses were $2,949 per month. Keith also pointed out that, at that time, Holly had yet to file a completed financial declaration. Keith did not include any facts regarding his financial situation. In his memorandum, he argued a substantial material change in circumstances had occurred because Holly's income had increased and she was close to paying off her mortgage. In addition, he argued that his alimony obligation should be decreased based on several expenses he thought should not have been included when the court made its initial alimony determination.

¶6 In response to Keith's motion for summary judgment, Holly filed a cross-motion for summary judgment and a combined memorandum supporting her cross-motion for summary judgment and opposing Keith's motion for summary judgment. The memorandum argued Keith had "failed to demonstrate a substantial change in circumstances not contemplated at the time the Decree was entered," because "[t]he amount and length of the mortgage was understood by the trial court at the time" the decree of divorce was entered. Holly did not dispute the facts Keith alleged in his motion for summary judgment.

¶7 Keith responded, noting that his motion's statement of facts "were entirely unrebutted and therefore must be deemed admitted as a matter of law." Accordingly, he argued, Holly "has no further need of alimony." Keith further argued that the divorce decree was "'bereft of any reference to the changed circumstance at issue'" and therefore was "'not contemplated in the original divorce decree.'" (Quoting *Wall v. Wall*, 2007 UT App 61, ¶ 12, 157 P.3d 341.)

¶8 The district court heard these matters in January 2015 and denied both motions for summary judgment. In explaining the

basis for denying Keith's motion, the court stated, "I simply do not have enough facts at this point and it's not correct that as a matter of law that I can determine this . . . . I don't have enough, in [Keith's] motion for instance, to even show me what the expenses of [Holly] are." The court reiterated that it did not have sufficient facts and that it was not simply a matter of Holly's failure to respond to Keith's motion for summary judgment. The court continued, "I just am not in a position to be able to rule on a motion for summary judgment and say as a matter of law, that in fact, there ought to be a modification of the alimony award."

¶9 Before trial, Keith and Holly filed several financial declarations, updating their declarations as necessary. In Holly's January 2015 declaration, she declared that her gross income was $2,650 per month (including $50 per month in support from her adult children), that her net income was $2,397.76, and that her expenses were $4,782 per month. Notably, her expenses did not include a mortgage payment, because she had paid off her house. In July 2015, Holly filed her final updated financial declaration. The updated declaration reflected that her gross income was $2,750 per month, an increase of $100 due to an increase in the declared support from her adult children, and that her net income was $2,505.19 per month. Her claimed expenses decreased to $4,675 per month. Holly arrived at this number after adding some expenses and deducting others. She added the following monthly expenses: $500 for a home equity line of credit she had opened, an additional $300 for attorney fees, and $200 for contributions to her daughter's church mission, equaling a total of $1,000 of added expenses. She deducted the following monthly expenses: $207.10 in credit card payments, $300 in savings contributions, $200 less in donations, and $400 less in personal debt payments, equaling a total of $1,107.10 in deductions.

¶10 Keith's final updated financial declaration declared that his gross income was $11,666 per month, that his net income was

$8,632 per month, and that his expenses were $21,216.25 per month.

¶11 The petition to modify finally reached the trial stage in late August 2015. In November, the district court entered its findings of fact and conclusions of law. Among other things, the court stated that Keith's "testimony regarding his financial situation is not credible," that "[s]ome expenses listed by [Keith] are not current, actual expenses," and that "[o]ther stated expenses . . . [Keith] claims are not credible nor otherwise appropriate." Despite these findings, the court decreased Keith's monthly alimony obligation from $1,000 to $117.

¶12 The district court based its decision to reduce alimony on several findings regarding Holly's financial situation. It found that her "reduced mortgage expense and the 33% income increase constitutes a substantial change in material circumstances." It also found that some of Holly's claimed expenses did not exist at the time alimony was initially determined and therefore reduced them. In making its calculations, the court used figures from Holly's January 2015 financial declaration, not her final updated financial declaration. After reducing Holly's claimed expenses, the court found that her appropriate monthly expenses were $2,464.90. The court found that Holly's net monthly income was $2,347.76. It apparently arrived at this figure by taking Holly's claimed net income in her January 2015 financial declaration and subtracting the $50 of support from Holly's adult children. Finally, the court arrived at the reduced alimony figure of $117 by calculating the difference between Holly's appropriate expenses and net income. Keith filed a timely notice of appeal.[2]

---

2. The notice of appeal indicated that the appeal was directed to the Utah Supreme Court, and Keith's brief characterized this as a case over which the supreme court has jurisdiction. But the court of appeals has original jurisdiction over this appeal, and the

(continued…)

¶13    Keith first contends the district court erred by not granting his motion for summary judgment where the facts alleged in the motion were either undisputed or uncontroverted by Holly. Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Utah R. Civ. P. 56(a). We review a district court's ruling on a motion for summary judgment for correctness. *Johansen v. Johansen*, 2002 UT App 75, ¶ 4, 45 P.3d 520.

¶14    We focus our analysis on the second prong of the summary judgment standard—whether Keith is entitled to judgment as a matter of law. To be entitled to judgment as a matter of law on his petition to modify the decree of divorce, Keith was first required to show that Holly's increased income and satisfaction of her mortgage constituted "a substantial material change in circumstances not foreseeable at the time of the divorce." Utah Code Ann. § 30-3-5(8)(i)(i) (LexisNexis Supp. 2017). Then, if he succeeded in making this showing, the district court was required to consider several factors before making an alimony determination, including (1) "the financial condition and needs of the recipient spouse," (2) "the recipient's earning capacity or ability to produce income," and (3) "the ability of the payor spouse to provide support." *Id.* § 30-3-5(8)(a)(i)–(iii); *accord Moon v. Moon*, 1999 UT App 12, ¶ 29, 973 P.2d 431. Consideration of these factors is critical to achieving the purposes of alimony, which are: "(1) to get the parties as close as possible to the same standard of living that existed during the marriage; (2) to equalize the standards of living of each party; and (3) to prevent the recipient spouse from becoming a public charge." *Rule v. Rule*, 2017 UT App 137, ¶ 14, 402 P.3d 153 (citation and internal quotation marks omitted).

_____

(…continued)

appeal was redirected to this court accordingly. *See* Utah Code Ann. § 78A-4-103(2)(h) (LexisNexis Supp. 2017).

¶15    Because Keith's alleged facts did not address Holly's current financial expenses or his ability to pay, the district court was unable to fully consider the required factors before making an alimony determination. Thus, Keith had not demonstrated that he was entitled to judgment as a matter of law.

¶16    We note that the district court could have independently concluded Keith did not satisfy his burden of showing that Holly's increased income and satisfaction of her mortgage constituted a substantial material change in circumstances *not foreseeable* at the time of the divorce. *See MacDonald v. MacDonald*, 2017 UT App 136, ¶¶ 9–14, 402 P.3d 178, *cert. granted* (Utah 2017) (discussing the foreseeability element and concluding that "foreseeable" "includes not only those circumstances which the parties or the court actually had in mind, but also circumstances that could 'reasonably be anticipated' at the time of the decree"). First, the divorce decree specifically stated, "Each party is awarded the home in which they live including all equity and each shall pay the mortgage." Thus, not only did the decree contemplate that the mortgage would eventually be paid off, but it was also foreseeable that it would be. Second, Keith did not demonstrate that Holly's incremental increase in income over nearly a decade was unforeseeable. In his motion, Keith did not address the foreseeability element of the changed circumstances standard.[3] Accordingly, we conclude the district court did not err in denying Keith's motion for summary judgment.

¶17    Keith next contends the district court abused its discretion by reducing rather than terminating his alimony obligation. In connection with this contention, Keith argues the court's findings as to Holly were inadequate and clearly erroneous. We

---

3. The foreseeability element became statutorily required in 1995. *See* Utah Code Ann. § 30-3-5(7)(g)(i) (Lexis Supp. 1995); *accord MacDonald v. Macdonald*, 2017 UT App 136, ¶ 9, 402 P.3d 178, *cert. granted* (Utah 2017).

will not disturb a district court's ruling on alimony "as long as the court exercises its discretion within the bounds and under the standards we have set and has supported its decision with adequate findings and conclusions." *Mark v. Mark*, 2009 UT App 374, ¶ 6, 223 P.3d 476 (citation and internal quotation marks omitted). "Findings of fact are adequate to support the district court's financial determinations only when they are sufficiently detailed to disclose the steps by which the district court reached its ultimate conclusion on each issue," *Oldroyd v. Oldroyd*, 2017 UT App 45, ¶ 5, 397 P.3d 645, and "follow[] logically from, and [are] supported by, the evidence," *Bakanowski v. Bakanowski*, 2003 UT App 357, ¶ 13, 80 P.3d 153 (citation and internal quotation marks omitted). We review a district court's findings of fact for clear error.[4] *Nicholson v. Nicholson*, 2017 UT App 155, ¶ 5, 405

---

4. Keith raises two additional arguments. The first of these is that the district court "committed clear error by including gifts without a finding of extraordinary circumstances and by including post decree debt on [Holly's] expenses." In making this argument, Keith does not cite the record and, except for one passing reference to rule 26.1 of the Utah Rules of Civil Procedure, does not cite any authority, much less undertake any reasoned analysis. Accordingly, this argument is inadequately briefed, and we do not consider it. *See* Utah R. App. P. 24(a)(8); *Bank of America v. Adamson*, 2017 UT 2, ¶ 11, 391 P.3d 196. The second argument, as far as we can tell, is a challenge to the district court's determination that the $150 expense it allowed Holly to include in calculating her reasonable expenses in the initial alimony determination was not a new expense for purposes of calculating Holly's expenses at the time of modification. Keith's argument is difficult to follow. At some points, he argues it was improper for the district court to allow the $150 expense in its initial alimony determination. But that determination is outside the scope of this appeal and is untimely, and we therefore cannot consider it. *See* Utah R. App. P. 4(a). At other points, Keith argues that, in determining Holly's

(continued…)

P.3d 749. We conclude that the district court's findings of fact as to Holly are inadequate, but we express no opinion as to what an equitable alimony award might be.

¶18    We first address the district court's finding as to Holly's income. The court found that Holly's gross income was $2,600 per month and that her net income, excluding the support from her adult children, was $2,347.76. These figures were determined by relying on Holly's January 2015 financial declaration. But the court failed to explain why it based Holly's income on the January 2015 financial declaration rather than the updated version Holly filed in July 2015, and it failed to justify its income determination in light of Holly's 2013 W-2 and 2014 tax return, both of which established that Holly's gross income had been higher than $2,600 per month. For example, in 2013, Holly's gross annual income was $33,415.83, an average of $2,784.65 per month; in 2014, Holly's gross annual income was $34,409.56, an average of $2,867.46 per month.

¶19    Second, in calculating Holly's reasonable expenses, the district court used the figures from Holly's January 2015 financial declaration rather than the figures from Holly's final updated financial declaration. Because the two declarations were quite different, *see supra* ¶ 9, the figure the court reached is inaccurate.

¶20    Third, the court found that Holly's "reduced mortgage expense and the 33% income increase constitutes a substantial change in material circumstances." In making this finding, the court failed to address the foreseeability element in the changed

---

(…continued)

expenses at the time of modification, the district court improperly included the attorney fees Holly accrued in litigating the petition to modify, but he is incorrect. The court in fact deducted those expenses from its final calculation. Accordingly, we do not further address this argument.

circumstances standard. Holly's satisfaction of the mortgage was specifically contemplated in the divorce decree and was otherwise foreseeable, as the court was well aware of the duration of the mortgage. The court did not explain why Holly's incremental increase in income over nearly a decade was unforeseeable, especially where Keith's income similarly increased over that period from $8,370 gross per month to $11,666 gross per month. *Cf. Fish v. Fish*, 2016 UT App 125, ¶ 19, 379 P.3d 882 ("We are not aware of any Utah authority requiring a district court to find that [a substantial material change in circumstances] has occurred simply because one party's income has increased and the divorce decree did not discuss possible increases in income. Were it otherwise, creeping inflation could necessitate recalculation of nearly all alimony awards on an annual or biennial basis.").

¶21    Finally, we are troubled that the court simultaneously found that (1) it had "considered the applicable factors for determining what constitutes a reasonable alimony award" and (2) Keith's testimony and financial declarations "[were] not credible." Moreover, the court's findings do not address the standard of living the parties enjoyed during the marriage. This court has explained that, when determining the recipient spouse's financial condition and needs, it must do so "in light of the marital standard of living." *Rule v. Rule*, 2017 UT App 137, ¶ 15, 402 P.3d 153. Indeed, two major purposes of an alimony award are "to get the parties as close as possible to the same standard of living that existed during the marriage" and "to equalize the standards of living of each party." *Id.* ¶ 14 (citation and internal quotation marks omitted). We also emphasize that the marital standard of living is not determined by actual expenses alone. *See Howell v. Howell*, 806 P.2d 1209, 1212 (Utah Ct. App. 1991). "The needs of each party, determined according to the marital standard of living, then provide a baseline from which to craft an alimony award that best fulfills the purposes of alimony[.]" *Rule*, 2017 UT App 137, ¶ 15. And if a court is persuaded to adjust the amount of alimony, it must provide

factual support to show that the receiving spouse "will be able to support [himself or] herself at a standard of living to which [the spouse] was accustomed during the parties' marriage, or that the [payor spouse] is no longer able to pay." *Fullmer v. Fullmer*, 761 P.2d 942, 951 (Utah Ct. App. 1988); *see also Williamson v. Williamson*, 1999 UT App 219, ¶¶ 8, 11, 983 P.2d 1103 (providing that the statutory factors that apply to an initial award of alimony also apply "to a redetermination of alimony during a modification proceeding" because the "goal of alimony . . . is to equalize the parties' standards of living").

¶22 Because of these errors, "[w]e are unable to trace with accuracy the steps by which the district court reached its ultimate conclusion." *See Oldroyd v. Oldroyd*, 2017 UT App 45, ¶ 11, 397 P.3d 645. Therefore, the district court's findings of fact and support thereof are inadequate. *See id.*; *Mark v. Mark*, 2009 UT App 374, ¶ 6, 223 P.3d 476. Accordingly, we vacate the district court's ruling reducing Keith's alimony obligation and remand for further findings consistent with the appropriate legal standards set forth in this opinion.

¶23 We conclude the district court did not err in denying Keith's motion for summary judgment, but we vacate its ruling in reducing Keith's alimony obligation and remand for further proceedings consistent with this opinion.

———————