2019 UT App 155

## THE UTAH COURT OF APPEALS

ROBBEN ANN OLDROYD,
Appellant,
*v.*
FARRELL LYNN OLDROYD,
Appellee.

Opinion
No. 20180257-CA
Filed September 26, 2019

Second District Court, Morgan Department
The Honorable Noel S. Hyde
No. 134500028

Brent D. Wride and Bryant McConkie, Attorneys
for Appellant

Brian E. Arnold and Lauren Schultz, Attorneys
for Appellee

JUDGE MICHELE M. CHRISTIANSEN FORSTER authored this Opinion,
in which JUDGES KATE APPLEBY and DAVID N. MORTENSEN
concurred.

CHRISTIANSEN FORSTER, Judge:

¶1     Robben Ann Oldroyd (Wife) appeals the district court's
determination that Farrell Lynn Oldroyd (Husband) was entitled
to an equitable interest in property she acquired prior to the
parties' marriage. We reverse and remand for further
proceedings.

BACKGROUND

¶2     This case previously came before us in *Oldroyd v. Oldroyd*
(*Oldroyd I*), 2017 UT App 45, 397 P.3d 645. At that time, Wife

challenged the district court's determination that Husband had acquired a premarital interest in a home constructed prior to their marriage and titled in her name. *Id.* ¶¶ 2, 5.

¶3   We vacated the award and remanded for the district court to make additional findings disclosing "the steps by which the district court reached its ultimate conclusion." *Id.* ¶¶ 5, 11. Although courts have discretion to grant one spouse an equitable portion of premarital property belonging to another spouse in certain circumstances, *see Lindsey v. Lindsey*, 2017 UT App 38, ¶ 33, 392 P.3d 968, the district court had not made findings regarding any of those circumstances. Instead, it concluded that Husband had "acquired a separate *premarital* interest in the improvements on the property." *Oldroyd I*, 2017 UT App 45, ¶ 4 (quotation simplified). Yet the court did not articulate "what legal theory gave" Husband a premarital interest in the property as opposed to an equitable interest in a portion of a premarital asset belonging to Wife. *Id.* ¶ 8. Thus, we were "unable to trace with accuracy the steps by which the district court reached its ultimate conclusion that [Husband] had obtained *a premarital interest* in the house." *Id.* ¶ 11 (emphasis added).

¶4   On remand, the court made additional findings regarding Husband's contribution to the value of the home. The court found that Wife had contributed $350,000 toward the out-of-pocket costs of constructing the home and that "[t]he value of the specialized expertise and labor provided" by Husband, which included providing "the vast majority of supervision and conceptual direction for the construction of the home," "was equivalent to the value of [Wife's] financial contributions to the home's construction," i.e., $350,000.[1] The court further found that

---

1. At trial, a general contractor called as an expert witness for Wife estimated that he would have charged approximately $804,000 to build the home in 1997.

Husband "conferred upon [Wife] the benefit of his unique and specialized knowledge and skills in constructing the . . . home," that Wife "was aware of and appreciated the unique and substantial benefit being conferred upon her," and that permitting Wife "to retain the benefit of [Husband's] knowledge and skills without granting [Husband] equal value in the home would unjustly enrich" Wife. Based on these findings, the court determined that the parties "should each be awarded a 50% premarital interest" in the home based on a theory of unjust enrichment. Wife again appeals the district court's decision.

## ISSUE AND STANDARD OF REVIEW

¶5    Wife asserts that the district court erred in recognizing a 50% premarital interest for Husband based on unjust enrichment. "We review the district court's legal conclusions for correctness, and will reverse its factual findings only if they are clearly erroneous." *438 Main St. v. Easy Heat, Inc.*, 2004 UT 72, ¶ 49, 99 P.3d 801.

## ANALYSIS

¶6    Wife asserts that the district court erred in awarding Husband a premarital interest based on unjust enrichment, because that theory was neither pleaded nor tried by consent. Husband maintains that his pleadings adequately asserted an unjust enrichment claim and that, even if they did not do so explicitly, Wife was aware of the claim and defended against it at trial, thereby impliedly consenting to its consideration. We agree with Wife.

¶7    First, Husband's pleadings cannot be construed as asserting an unjust enrichment claim. The pleadings alleged that Husband "has exerted hours and money into the home, including trade work," and that he "should be awarded a sum

certain from [Wife's] equity in the home for all the work he has completed on the home, and for value of his trade work that he has performed for investment on the marital home." This is not a claim for a premarital interest in property based on unjust enrichment or any other theory but a claim for an equitable award of a portion of Wife's premarital asset.[2] *See Lindsey v. Lindsey*, 2017 UT App 38, ¶ 33, 392 P.3d 968.

¶8      Second, Husband has not pointed us to anything in the trial record suggesting that the issue was tried by implied consent. "When an issue not raised in the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings." Utah R. Civ. P. 15(b)(1). "Implied consent to try an issue may be found where one party raises an issue material to the other party's case or where evidence is introduced without objection, where it appears that the parties understood the evidence is to be aimed at the unpleaded issue." *Hill v. Estate of Allred*, 2009 UT 28, ¶ 48, 216 P.3d 929 (quotation simplified). But "when evidence is introduced that is relevant to a pleaded issue and the party against whom the amendment is urged has no reason to believe a new issue is being injected into the case, that party cannot be said to have impliedly consented to trial of that issue." *Id.* (quotation simplified).

---

2. In *Oldroyd I*, we declined Husband's invitation to construe the district court's decision as granting him an equitable interest in Wife's premarital property because the court's findings did not support such a determination: "[T]he district court did not rule that the house was marital property that should be divided unequally" and "did not purport to award an interest in [Wife's] separate property to [Husband] to achieve an equitable result." *Oldroyd I*, 2017 UT App 45, ¶ 9 & n.5, 397 P.3d 645. "Rather, the court determined that [Husband] had 'acquired a *separate premarital* interest' in the house." *Id.* ¶ 9.

¶9 Husband's contribution to the value of the home was a major issue at trial, and much evidence was presented by both parties on this point. However, all of this evidence was relevant to Husband's equitable claim that his efforts on the home entitled him to a portion of Wife's premarital asset. There is nothing inherent in this evidence that would have suggested to Wife that the evidence was introduced to prove an unpleaded unjust enrichment claim. And in fact, Husband represented the opposite, explicitly acknowledging at trial that his opportunity to assert unjust enrichment had passed, since more than eighteen years had elapsed since the completion of the home. The fact that any unjust enrichment claim was several years too late is the reason Husband sought an equitable award of a portion of Wife's property as part of the divorce action. It was the court that ultimately construed Husband's claim as an assertion of a premarital interest in Wife's separate property and articulated it as such in its order.

¶10 In *Oldroyd I*, we concluded that the district court had failed to "explain what legal theory gave rise" to Husband's premarital interest in the property and clarified, "[T]he court did not discuss whether unjust enrichment, promissory estoppel, quasi-contract, or some other theory applied." *Oldroyd I*, 2017 UT App 45, ¶ 8. While acknowledging that it also did not appear that Husband had "identified to the court a particular theory under which he was entitled to a premarital interest," we left open the possibility that there could be some legal theory under which the court could reach such a conclusion. *Id.* Upon further review, however, it is apparent that this is not the case. Husband raised no contract, quasi-contract, or equitable claim that he had acquired a premarital interest in the home, and no such claim was tried by consent. Further, by Husband's own admission, it does not appear that any such claim was available to him within the statute of limitations. *See* Utah Code Ann. § 78B-2-307(1) (LexisNexis 2018). Thus, the district court erred in determining

that Husband had established a premarital interest in the property.

¶11  Because the district court premised its ruling on the conclusion that Husband had acquired a premarital interest in the home, it did not rule on his equitable argument. On remand, the court is not precluded from evaluating this argument, which was specifically pleaded and tried.[3]

CONCLUSION

¶12  Because a claim of unjust enrichment was neither pleaded nor tried by consent, the district court erred in determining that Husband had acquired a premarital interest in the home. We therefore reverse and remand for further proceedings.

---

3. Previous cases addressing equitable division of premarital assets have involved contributions made to those assets during the course of the marriage. *See, e.g.*, *Lindsey v. Lindsey*, 2017 UT App 38, ¶¶ 6–7, 13, 392 P.3d 968; *Elman v. Elman*, 2002 UT App 83, ¶ 20, 45 P.3d 176. Thus, Utah courts have not had the opportunity to assess the extent to which one spouse's *premarital* contributions to another spouse's premarital assets may be considered in the context of a divorce court's equitable division of property. However, Wife does not appear to have asserted that the court was precluded from considering Husband's premarital contributions, and the parties' presentation of evidence at trial indicates that both were acting on the assumption that Husband's premarital contributions were relevant to his equitable claim for a portion of Wife's premarital asset. We therefore assume, without deciding, that premarital contributions may be relevant in assessing whether equity requires division of a premarital asset.